UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MADISON HOUSE, LTD., et al.,

    Plaintiff(s),

v.

SOTHEBY'S INTERNATIONAL REALTY AFFILIATES, INC., et al.,

    Defendant(s).

NO. C06-1054P

ORDER ON DEFENDANTS' MOTION TO STRIKE FROM COMPLAINT [FRCP 12(F)]

The above-entitled Court, having received and reviewed:

1. Defendants' Motion to Strike From Complaint [FRCP 12(f)]

2. Plaintiffs' Opposition to Defendants' Motion to Strike from Complaint [FRCP 12(f)]

3. Defendants' Reply in Support of Motion to Strike

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is DENIED as not being properly brought under FRCP 12(f).

**Background**

From the Complaint: In October 2000, Plaintiff Madison House and Defendant Sotheby's executed an Affiliation Agreement permitting Plaintiffs to offer real estate services under the Sotheby marketing plan. Plaintiffs allege that the Affiliation Agreement constituted a franchise under the Franchise Investment Protection Act ("FIPA"), RCW Ch. 19.100 et seq., and that Sotheby's did not register the Affiliation Agreement as a franchise.

In October 2004, the parties terminated the Affiliation Agreement and executed a new Franchise Agreement (which Sotheby's had registered previously). In May 2005, the parties executed

**ORD ON MTN
TO STRIKE - 1**

an amendment to the Franchise Agreement.  In January 2006, Plaintiffs Hughes assigned their Madison House ownership to their son; Defendants treated this as a franchise assignment and refused to approve the transfer unless the son essentially entered into a new Franchise Agreement.  When he refused to do that, Defendants terminated the existing Franchise Agreement.

Additionally, Plaintiffs allege that Defendants Cendant Corporation and Cendant Real Estate Services ("Cendant"), parent companies of Sotheby's, have placed Plaintiffs at a competitive disadvantage by illegally assessing different charges and assigning different rebate rates among the franchisees of the various real estate brands (ERA, Century 21, Coldwell Banker, Sotheby's) that they oversee.

**Discussion**

FRCP 12(f) reads:

> **Motion to Strike.**  Upon motion made by a party before responding to a pleading . . . within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

It is Defendants' position that, because certain of Plaintiffs' claims are legally insufficient, they are "immaterial."  Essentially, Defendants seek dismissal of two of Plaintiffs' claims pursuant to FRCP 12(f).  This is not the proper use of a 12(f) motion: "[An FRCP 12(f) motion] is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint..." 5A C. Wright & A. Miller, Federal Practice and Procedure § 1380, at 391 (2004).  See Yamamoto v. Omiya, 54 F.2d 1319, 1327 (9th Cir. 1977); Wm. Z. Salcer, Panfeld, Edelman V. Envicon Equities Corp., 744 F.2d 935, 939 (2nd Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986) ("...the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits.").

**ORD ON MTN**
**TO STRIKE  - 2**

Defendants attempt to characterize the challenged claims as "immaterial," in keeping with the language of FRCP 12(f). But what Defendants really mean when they use that term in this context is "legally insufficient," which is not the same.  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)." Fantasy, Inc. v. Fogerty,  984 F.2d 1524, 1527 (9th Cir. 1993).

Defendants' request is more properly raised under FRCP 12(b)(6) as a motion to dismiss or under FRCP 56 as a motion for summary judgment.  When the motion is properly denominated and the argument framed accordingly, Plaintiffs will have an opportunity to more appropriately respond to what Defendants are seeking.

**Conclusion**

This motion to dismiss certain of Plaintiffs' claims is not properly brought under FRCP 12(f) and will therefore be DENIED.

The clerk is directed to provide copies of this order to all counsel of record.

Dated:  October  30, 2006

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN
TO STRIKE  - 3**

Case 2:06-cv-01054-MJP   Document 22   Filed 10/30/06   Page 4 of 4