UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MADISON HOUSE, LTD., et al.,

                    Plaintiff(s),

          v.

SOTHEBY'S INTERNATIONAL REALTY
AFFILIATES, et al.,

                    Defendant(s).

NO. C06-1054P

ORDER ON MOTION TO DISMISS

The above-entitled Court, having received and reviewed:

1.    Defendants' Motion to Dismiss Claims from Complaint for Failure to State a Claim Upon
      Which Relief Can Be Granted [FRCP 12(B)(6)] (Dkt. No. 25)

2.    Plaintiffs' Opposition to Defendants' Motion to Dismiss Claims from Complaint for Failure to
      State a Claim Upon Which Relief Can Be Granted [FRCP 12(B)(6)] (Dkt. No. 26)

3.    Defendants' Reply in Support of Motion to Dismiss Claims from Complaint for Failure to
      State a Claim Upon Which Relief Can Be Granted [FRCP 12(B)(6)] (Dkt. No. 27)

and all exhibits and declarations attached thereto, makes the following ruling:

      IT IS HEREBY ORDERED that the motion is GRANTED:

      I.    Plaintiffs' claim for violation of the Washington Franchise Investment Protection Act
            prohibition against unregistered franchises  (RCW 19.100.020; Complaint ¶ 4.2) is
            hereby DISMISSED.

      II.   Plaintiffs' claim against Defendants Cendant Real Estate and Cendant Corporation for
            violation of the Washington Franchise Investment Protection Act prohibition against

ORD ON MTN
TO DISMISS  - 1

1  discriminating against franchisees (RCW 19.100.180(2); Complaint ¶ 4.5) is hereby

2  DISMISSED.

3  **Background**

4        The allegations of Plaintiffs' complaint must be accepted as true.  In October 2000, Plaintiffs

5  entered into an Affiliation Agreement with Sotheby's, an agreement which was never registered as a

6  franchise under the Franchise Investment Protection Act ("FIPA").  In October 2004, that Affiliation

7  Agreement was terminated and the parties entered into a new agreement which was registered.

8        Plaintiffs attempted to assign their franchise agreement to their son, an assignment which

9  Sotheby's refused to approve.  Sotheby's terminated their agreement with Plaintiffs on June 30, 2006

10  and Plaintiffs filed this suit that same day.

11        Also named as defendants were the Cendant Real Estate Services Group and Cendant

12  Corporation ("the Cendant defendants"), which are parent companies of Sotheby's and own that real

13  estate franchise as well as several others (Century 21, ERA, Coldwell Banker).  The allegation against

14  the Cendant defendants at ¶ 4.5 of the complaint apparently concerns different rate, commission

15  and/or rebate structures among the different real estate franchises under the Cendant umbrella.  There

16  are no allegations of any discriminatory differentiation regarding fee structures within the Sotheby

17  franchise itself.

18  **Discussion**

19  Statute of limitations re: failure to register

20        Defendants' first argument concerns the statute of limitations period for Plaintiffs' claim of an

21  alleged violation of RCW 19.100.020.  FIPA contains no specific limitations period relating to a claim

22  for failure to register a franchise.  Defendants argue that, on that basis, the "catch-all" statute of

23  limitations of two years should apply, per RCW 4.16.030.

24

25

26  **ORD ON MTN**
**TO DISMISS  - 2**

None of Plaintiffs' arguments against the two-year statute of limitations are ultimately persuasive. Their primary case authority is a FIPA lawsuit involving a statute of limitations question (McGowan v. Pillsbury Co., 723 F.Supp. 530 (W.D. Wash. 1989)). But Phillips based its application of a six-year statute of limitations on the underlying contract and fraud statutes of limitations. The Court notes that the failure to register claim is not an action arising from a written contract and the logic of applying a contract statute of limitations to a non-contract claim is not apparent. The registration cause of action arises from a failure to comply with a statutory requirement, and nowhere do Plaintiffs allege any contractual violations. Plaintiffs also argue for a three-year statute of limitations, but in view of their delay of over five years in filing the complaint, it is unclear how such a limitations period would help them.

Plaintiffs also attempt to raise a "discovery rule" argument – i.e., that it is an open question whether the limitations period begins to accrue at the time the agreement is entered into or when the Plaintiff "knew or should have known" about the failure to register. There are a number of problems with this contention. Nothing on the face of the complaint suggests that Plaintiffs were prevented or should otherwise be excused from noting the failure to register. The information is commonly and publicly available. The Court of Appeals in Johnson v. Golf USA, Inc. (1999 WL 142683 (Wash.Ct.App. 1999)) held that FIPA's "duty of diligent inquiry" dictated accrual of the claim from the date the franchise agreement was executed. The statute of limitations on a claim for failure to register runs from the date of execution. *See*, e.g., K.B. Restaurants, Inc. v. Country Hospitality Corp., Bus. Franchise Guide (CCH) ¶ 12. 975 (D. Minn. Sept. 3, 2004); American Top English, Inc. v. Lexicon Marketing (USA), Inc., 2004 WL 1403695 at *3 (N.D.Ill. June 21, 2004); Sterling Vision DKM, Inc. v. Gordon, Bus. Franchise Guide (CCH) ¶ 11, 271 (E.D. Wisc. Sept. 2, 1997); Zaro Licensing, Inc. v. Cinmar, Inc., Bus. Franchise Guide (CCH) ¶ 9917 (Nov. 18, 1991).

1    Plaintiffs claim that further discovery will show successive renewals extending the limitations

2    period.  This argument is unavailing in a 12(b)(6) motion because the parties are limited to the face of

3    the complaint (and the contents of any documents referenced in the complaint).  The complaint is

4    silent on the subject of any "renewals."  An assertion not contained in the complaint may not properly

5    be considered by the Court on a motion to dismiss.  <u>Arpin v.Santa Clara Valley Transportation

6    Agency</u>, 261 F.3d 912, 925 (9th Cir. 2001).

7    Furthermore, the original Affiliation Agreement indicates that the agreement was simply

8    continued in effect from year to year "unless either party elects to terminate it."  Affil. Agreement, m

9    Art. IV, Section 1; Exhibit A, p. 12.  No affirmative act was required to maintain the Agreement in

10   effect, and therefore it does not make sense to speak of the Agreement being "renewed."

11   Plaintiffs' claim for failure to register the Affiliation Agreement as a franchise in 2000 is barred

12   by the statute of limitations and will be dismissed.

13   <u>FIPA "discrimination" claim</u>

14   Cendant Real Estate Services Group and Cendant Corporation are claimed to violate RCW

15   19.100.180(2)(c) of FIPA.  The statute makes it unlawful for a franchisor to discriminate between

16   franchisees in "the charges made or offered or royalties, goods, services, equipment, rentals,

17   advertising services, or any other business dealing" unless there is a reasonable justification for

18   discrimination.  Plaintiffs claim Cendant violates this statute by charging different rates among their

19   various real estate brokerage franchises.  There is no allegation that Sotheby's (Plaintiffs' direct

20   franchisor) discriminated between the different Sotheby's franchisees.

21   There is no case law interpreting RCW 19.100.180 in the context of separate franchises owned

22   by a single company.  Although Defendants make an attempt to analogize their situation to a Florida

23   case involving car dealerships (<u>Bert Smith Oldsmobile, Inc. v. General Motors Corp.</u>, 2005 WL

24   1210993, Bus. Franchise Guide (CCH) ¶ 13, 094 (M.D. Fla. May 20, 2005)), it is not an analogy

25

26   **ORD ON MTN
     TO DISMISS  - 4**

which survives scrutiny.  The <u>Smith</u> case concerns a statutory scheme aimed at automobile dealers who had been licensed "to transact business pertaining to motor vehicles of a particular line-make." Fla.Stat. § 320.60(1), (11).  The franchise structure defined by FIPA is not as specific or definitive as the Florida statute, and the <u>Smith</u> case factually does not fit the circumstances of this litigation. Nevertheless, the Court finds that, under the FIPA statute, a parent company cannot be held liable for creating different rate structures among franchises operated under wholly separate trademarks.

FIPA defines "franchisor" was "the person who grants a franchise to another person." Sotheby's is the franchisor of Plaintiffs. One of the statutory requirements of a "franchise" is that "the operation of the business is substantially associated with a trademark..."  (RCW 19.100.010(4)(a)(ii)). Case law recognizes that "the franchisor grants the right to produce and sell goods or services under its trade name and trademark."  <u>Lobdell v. Sugar 'n Spice, Inc.</u>, 33 Wn.App. 881, 887-88 (1983).

Within these statutory and case parameters, none but Sotheby's can be held to be the franchisor of Plaintiffs.  It is the Sotheby's trade name and trademark that Plaintiffs paid for.  Cendant at one time operated franchises in the real estate, hotel and car rental businesses. Creating uniform rate structures among these unrelated enterprises would not make sense..

Plaintiffs also attempt to argue that the parties should be viewed as "franchisors" and "sub-franchisors" and the anti-discrimination statute should apply to both of those categories of entrepreneurs.  But there is a very specific statutory definition of "sub-franchise" and "sub-franchisor" (*see* RCW 19.100.010) and there are no allegations in the complaint sufficient to establish a franchisor/sub-franchisor relationship between Sotheby's and the Cendant defendants (who are described only as parent or indirect parent companies of Sotheby's; Complaint, ¶¶ 4.1, 4.5).

**Leave to Amend/Certification to the Washington Supreme Court**

Plaintiffs argue further that they should be permitted leave to amend their complaint to include additional assertions supporting their disputed claims.  The Court finds that further amendments to the claims at issue in this motion would be futile.  The facts regarding the expiration of the two-year statute of limitations are indisputable and their consequence inevitable.  Further evidence regarding the "renewal" of the franchise agreement will not alter the effect of the Court's ruling.  Plaintiff's attempt to expand the FIPA anti-discrimination statute to cover the facts of this case is flawed at its core and no conceivable set of facts will make it otherwise.  Leave to amend will be denied.

Finally, Plaintiffs request that two questions raised by this motion be certified to the Washington Supreme Court as novel and unsettled questions of Washington law:

- What statute of limitations period applies to failure to register claims brought under FIPA?

- Does FIPA's prohibition on discrimination encompass claims against the Cendant defendants?

The Washington statutes (RCW 2.60.020 and 2.60.030) leave the decision to certify a question solely within the discretion of the federal court.   The criteria for such a decision are (a) a question "not entirely settled in Washington," (b) whose "answer would have far-reaching effects."  (Keystone Land & Development Co. v. Xerox Corp., 353 F.3d 1093 (9th Cir. 2003)).  The Court does not find the statute of limitations issue to be either novel or "entirely unsettled" – the argument that it falls within the "catch-all" statute of limitations is both clear and compelling.  Nor can the Court say, considering how long FIPA has been in effect and the paucity of cases concerning Plaintiffs' second proposed question, that the answer to that question would have "far-reaching effects."  This Court decline Plaintiffs' invitation to certify either of these questions of state law to the Washington Supreme Court.

ORD ON MTN
TO DISMISS  - 6

**Conclusion**

Plaintiffs' untimely attempt to enforce the franchise registration requirement of FIPA is well outside the statute of limitations for the cause of action, and that portion of their claim will be dismissed. The Cendant defendants are not subject to the anti-discrimination portion of FIPA because wholly separate franchises covering similar businesses under their dominion have separate rate or fee structures. That claim will be dismissed against those defendants. Plaintiffs' request for leave to amend those particular claims will be denied.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: February _20_, 2007

_____/s Marsha J. Pechman_____
Marsha J. Pechman
U.S. District Judge