THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

MADISON HOUSE, LTD., d/b/a Madison
House Ltd. Sotheby's International Realty, a
Washington corporation, and ALBERT and
KATHRYN HUGHES, a married couple;

            Plaintiffs,

v.

SOTHEBY'S INTERNATIONAL REALTY
AFFILIATES, INC., a Delaware corporation;
CENDANT REAL ESTATE SERVICES
GROUP, INC., a Delaware corporation; and
CENDANT CORPORATION, a Delaware
corporation,

            Defendants.

SOTHEBY'S INTERNATIONAL REALTY
AFFILIATES, INC., a Delaware corporation;

            Counter-Claimant,

v.

MADISON HOUSE, LTD., d/b/a Madison
House Ltd. Sotheby's International Realty, a
Washington corporation, and ALBERT and
KATHRYN HUGHES; and DOES 1 through
10;

            Counter-Defendants.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NO. 06-1054-MJP

**PLAINTIFFS' MOTION TO CERTIFY
DISMISSAL ORDER FOR APPEAL
UNDER FRCP 54(b) AND 28 U.S.C. §
1292(b) AND TO STAY REMAINING
PROCEEDINGS**

Note on Motion Calendar: April 13, 2007

PLAINTIFFS' MOTION TO CERTIFY DISMISSAL ORDER
FOR APPEAL UNDER FRCP 54(B) AND 28 U.S.C. § 1292(B)
AND TO STAY REMAINING PROCEEDINGS - 1

No. 06-1054-MJP
1219/009/202880.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1

## I. INTRODUCTION

2      Plaintiffs respectfully request the Court to certify for appeal the following orders: the

3   February 20, 2007 Order on Motion to Dismiss [Dkt. No. 30], and the March 7, 2007 Order on

4   Motion for Reconsideration [Dkt. No. 31] (together, the "Orders"). These Orders are

5   immediately appealable as a final judgment under Rule 54(b) of the Federal Rules of Civil

6   Procedure and as a permissible interlocutory review under 28 U.S.C. §1292(b).

7      The Orders, which dismissed Plaintiffs' claim against Defendants Cendant Corporation

8   and Cendant Real Estate Services Group, Inc. (together, the "Cendant Defendants") with

9   prejudice, operate as a final judgment against the Cendant Defendants and present a substantial

10   and unresolved question of law that could be controlling on the outcome of the remaining

11   litigation against Defendant Sotheby's International Realty Affiliates, Inc. ("Sotheby's"). Plaintiffs

12   thus request certification under both grounds for appeal, as well as a stay on the remaining

13   claims and counterclaims between Plaintiffs and Defendant Sotheby's until the certified appeal

14   is resolved by the Ninth Circuit.

15

## II. FACTUAL BACKGROUND

16      Plaintiffs filed their Complaint in state court on June 30, 2006, against three defendants:

17   Sotheby's and the Cendant Defendants. As against Defendant Sotheby's, Plaintiffs allege

18   numerous violations of Washington's Franchise Investment Protection Act ("FIPA") and

19   Consumer Protection Act ("CPA"), including violations of RCW 19.100.180 for improperly

20   terminating the Franchise Agreement, requiring the purchase of supplies from designated

21   suppliers, and requiring Plaintiffs to assent to releases of Sotheby's from liability under FIPA.

22      Plaintiffs **do not** make these allegations against the Cendant Defendants. As against the

23   Cendant Defendants, Plaintiffs allege a single violation of FIPA: unlawful discrimination of

24   franchisees under RCW 19.100.180(2)(c). Plaintiffs allege that the Cendant Defendants have

25   discriminated among their real estate broker franchisees in King County (including various

26   Century 21, Coldwell Banker, ERA, and Sotheby's franchises) by offering different fees and

PLAINTIFFS' MOTION TO CERTIFY DISMISSAL ORDER
FOR APPEAL UNDER FRCP 54(B) AND 28 U.S.C. § 1292(B)
AND TO STAY REMAINING PROCEEDINGS - 2

No. 06-1054-MJP

1219/009/202880.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1  rebate structures to them, resulting in competitive disadvantage to Madison House.  Plaintiffs

2  *do not* allege FIPA unlawful discrimination against Defendant Sotheby's.

3       On July 25, 2006, Defendants filed their notice of removal under 28 U.S.C. § 1441(b).

4  Defendants then filed a Rule 12(f) motion, in part seeking to strike as legally insufficient all

5  allegations in Plaintiffs' Complaint regarding discrimination by the Cendant Defendants.  The

6  Court denied Defendants' motion on October 30, 2006, holding that Defendants' arguments of

7  legal insufficiency were not properly brought under a Rule 12(f) motion to strike.

8       On November 20, 2006, Defendants filed a second motion with the same legal

9  argument, this time under a Rule 12(b)(6) motion to dismiss.  On February 20, 2007, the Court

10  issued its Order on Motion to Dismiss, granting Defendants' motion.  The Order dismissed

11  Plaintiffs' discrimination claims against the Cendant Defendants with prejudice and further

12  denied Plaintiffs' request for leave to amend its Complaint to supplement and clarify allegations

13  regarding discrimination by the Cendant Defendants.  Plaintiffs filed a timely motion for

14  reconsideration, asking the Court to reverse its ruling on the discrimination claim.  On March 7,

15  2007, the Court issued its Order on Motion for Reconsideration, denying reconsideration.

16       The Orders constitute a final judgment on Plaintiffs' claim against the Cendant

17  Defendants.  Plaintiffs have no remaining claim against the Cendant Defendants.  *See*

18  Complaint.  The Cendant Defendants have not filed any counterclaim against Plaintiffs.

## III.  ARGUMENT

**A.    The Dismissal Order Meets the Requirements for Certification Under Fed. R. Civ.**
**Pro. 54(b)**

21       In cases where there are multiple claims or multiple parties involved, Rule 54(b)

22  expressly contemplates the entry of a final judgment regarding some subset of claims or parties

23  when the case in that respect has been resolved.  The Court, in its discretion, must find two

24  requirements to be met to enter a final judgment on certain claims or parties.  First, the Court

25  must determine that it is dealing with a "final judgment." *See Curtiss-Wright Corp. v. Gen. Elec.*

26

PLAINTIFFS' MOTION TO CERTIFY DISMISSAL ORDER
FOR APPEAL UNDER FRCP 54(B) AND 28 U.S.C. § 1292(B)
AND TO STAY REMAINING PROCEEDINGS - 3

No. 06-1054-MJP

1219/009/202880.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1    *Corp.*, 446 U.S. 1, 7 (1980).  In other words, the order "must be a 'judgment' in the sense that it is

2    a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an

3    ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.*

4    (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 536 (1956)).  Second, the Court must

5    "determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8.

6            The analysis for Rule 54(b) certification is much simpler when it relates to multiple

7    parties, as opposed to multiple claims.  *See* 10 Wright, Miller & Kane, Fed. Prac. & Proc.: Civil

8    3d § 2656 at pp. 51-52 (1998) ("Whether multiple parties are before the court basically is a

9    simple question that has not posed any problems," in contrast to the extensive case law on

10   multiple claims).  The "threshold issue" is simply "whether the order finally determined the rights

11   and liabilities of at least one party leaving at least one other party whose rights or liability

12   remains undetermined." *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 440 (3rd Cir. 1977) (adding

13   that this determination "is not difficult").  Certification as to one party among multiple parties

14   may be granted "even if the complaint states only one claim." *Id.*  The question is thus a

15   straightforward one: whether the Orders functioned as a final judgment with respect to certain

16   parties.

17           The Ninth Circuit has indicated that an order dismissing a claim **with prejudice** is a

18   form of final judgment.  *See, e.g., Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403

19   F.3d 683, 686 (9th Cir. 2005) (noting that a dismissal with prejudice "***is synonymous with***" a

20   final judgment on the merits) (emphasis supplied).  In this case, the Court has dismissed

21   Plaintiffs' discrimination claim against the Cendant Defendants with prejudice.  It has also

22   denied Plaintiffs' motion for reconsideration on the issue.  Plaintiffs have no further outstanding

23   claim against the Cendant Defendants.  The Cendant Defendants have filed no counterclaims or

24   cross-claims in this action.  Thus, the Orders constitute a "final judgment" with regard to the

25   Cendant Defendants.

26

PLAINTIFFS' MOTION TO CERTIFY DISMISSAL ORDER
FOR APPEAL UNDER FRCP 54(B) AND 28 U.S.C. § 1292(B)
AND TO STAY REMAINING PROCEEDINGS - 4

No. 06-1054-MJP
1219/009/202880.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-4416
TEL. 206.682.5600 ● FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14

Once the Court has determined it is dealing with final judgments, it must then decide whether there is any just reason for delaying an appeal. *Curtiss-Wright*, 446 U.S. at 8. In making its determination, the Court should "take into account judicial administrative interests as well as the equities involved." *Id.* "The Rule 54(b) claims do not have to be separate from and independent of the remaining claims" for certification to be proper. *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987). However, if the claims are separable, it is a factor supporting immediate certification for appeal. *Curtiss-Wright*, 446 U.S. at 8. Here, the claims and the parties are plainly separable—there is no overlap on the claims asserted against Sotheby's and the claims asserted against the Cendant Defendants (though the claims arise from the same contract). There is no risk that the "appellate court would have to decide the same issues more than once" if there were subsequent appeals." *Id.* Moreover, as discussed below, prompt and final resolution of this issue by the appellate court may narrow or eliminate the remaining issues and claims before this Court. In sum, there is no just reason for delay in certification of the appeal against the Cendant Defendants.

15
16

**B.    Alternatively, Plaintiffs Request Certification of an Interlocutory Appeal Under 28 U.S.C. §1292(b)**

17
18
19
20
21
22
23

If this Court disagrees with the above analysis and concludes the Order is not a final judgment, it may alternatively certify an interlocutory appeal pursuant to 28 U.S.C. §1292(b). The Court may also, in its discretion, certify the order for review under <u>both</u> Rule 54(b) and §1292(b), as Plaintiffs request. *See DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1034 n.9 (5th Cir. 1982); *C.A.B. v. Tour Traevl Enters., Inc.*, 605 F.2d 998, 1003 (7th Cir. 1979) (stating that it is permissible for a trial court to certify an order for appeal under both avenues where it is unclear whether the rule or the statute governs).

24
25
26

An order that does not amount to a final judgment on claims or parties may nonetheless be certified for interlocutory appeal if it "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order

PLAINTIFFS' MOTION TO CERTIFY DISMISSAL ORDER
FOR APPEAL UNDER FRCP 54(B) AND 28 U.S.C. § 1292(B)
AND TO STAY REMAINING PROCEEDINGS - 5

No. 06-1054-MJP
1219/009/202880.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1    may materially advance the ultimate termination of the litigation." §1292(b).   The court of

2    appeals thereafter may exercise its discretion on whether to review the certified order. *Id.*

3         Such appeals "have frequently been allowed on the question whether the plaintiff has

4    stated a claim if the problem is a difficult one of substantive law." 16 Wright, Miller & Cooper,

5    Fed. Prac. & Proc.: Juris. 2d § 3931 at p. 458 (1996).   Whether the question of law is

6    "controlling" relates to its effect on the present case; the potential for effects on other cases is not

7    essential to certification of an appeal.   *See Kinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24

8    (2nd Cir. 1990); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)

9    (holding that "all that must be shown in order for a question to be 'controlling' is that resolution of

10   the issue on appeal could materially affect the outcome of litigation in the district court").

11        The Orders dismissing Plaintiffs' claim against the Cendant Defendants meet these legal

12   requirements.   The Orders involve controlling questions of law—whether Plaintiffs can state a

13   claim for discrimination under FIPA against the Cendant Defendants for acts committed against

14   franchisees of different trademarks owned by them, in the context of the real estate brokerage

15   industry.   Though the Court dismissed the claim, Plaintiffs' claim is accommodated by the plain

16   language of FIPA, and the issue is one of first impression; thus, a "substantial ground for

17   difference of opinion" exists.   Finally, the appeal may advance the ultimate termination of the

18   litigation, given that Plaintiffs' discrimination claim, if its dismissal is reversed, has the potential

19   to result in the rescission of the Franchise Agreement between Plaintiffs and Sotheby's.   If

20   rescinded, other issues relating to the Franchise Agreement—including the ten counterclaims for

21   relief pled by Defendant Sotheby's—would not need to be litigated at trial.   Moreover, without

22   interlocutory review, there is the risk that the remaining issues with Defendant Sotheby's will go

23   to trial, and that the appellate court will subsequently reverse on the discrimination claims

24   against the Cendant Defendants, potentially causing the results of the trial to be rendered

25   meaningless.   Thus, immediate appellate resolution of the important and debatable issues on

26

PLAINTIFFS' MOTION TO CERTIFY DISMISSAL ORDER
FOR APPEAL UNDER FRCP 54(B) AND 28 U.S.C. § 1292(B)
AND TO STAY REMAINING PROCEEDINGS - 6

No. 06-1054-MJP
1219/009/202880.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

1  Plaintiffs' FIPA discrimination claim against the Cendant Defendants may materially advance

2  the ultimate termination of the litigation for all parties.

3  **C.     Plaintiffs Request Stay of Proceedings During Pendency of Appeal**

4       If this Court certifies the Order for appeal under either or both of the above methods,

5  Plaintiffs additionally request a stay of the remaining proceedings in front of the Court under

6  28 U.S.C. §1292(b), Rule 62 of the Federal Rules of Civil Procedure, and under the Court's

7  inherent power to control its docket.  Granting a stay on the remaining issues until resolution of

8  appeal will clarify the scope of the litigation regarding the Franchise Agreement entered into by

9  the parties, and it will eliminate the potential for multiple or unnecessary trials.

10                            **IV.  CONCLUSION**

11       For the foregoing reasons, Plaintiffs request certification of the Court's February 20

12  Order for appeal under §1292(b) and Rule 54(b), as well as a stay on the remaining claims and

13  counterclaims in the litigation until resolution of the appeal.

14       DATED this 29th day of March, 2007.

15

16                              TOUSLEY BRAIN STEPHENS PLLC

17                              By: /s/ *Michael Estok, WSBA #36471*
                                    Chase C. Alvord, WSBA #26080
18                                   calvord@tousley.com
                                    Michael J. Estok, WSBA #36471
19                                   mestok@tousley.com
                                    Tousley Brain Stephens PLLC
20                                   1700 Seventh Avenue, Suite 2200
                                    Seattle, Washington  98101-4416
21                                   (206) 682-5600

22
                                    *Attorneys for Plaintiffs*
23

24

25

26

PLAINTIFFS' MOTION TO CERTIFY DISMISSAL ORDER
FOR APPEAL UNDER FRCP 54(B) AND 28 U.S.C. § 1292(B)
AND TO STAY REMAINING PROCEEDINGS - 7

No. 06-1054-MJP
1219/009/202880.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-4416
TEL. 206.682.5600 • FAX 206.682.2992

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John A. Schwimmer, WSBA #36558
SUSSMAN SHANK, LLP
1000 SW Broadway, Suite 1400
Portland, Oregon 97205-3089
Telephone:  503.227.1111
E-Mail: johns@sussmanshank.com

David M. Byers, WSBA #29228
GRAHAM & DUNN PC
Pier 70
2801 Alaskan Way, Suite 300
Seattle, Washington 98121-1128
Telephone:  206.340.9649
E-Mail:  dbyers@grahamdunn.com

*Attorneys for Defendants*

TOUSLEY BRAIN STEPHENS PLLC

By: /s/ *Michael Estok, WSBA #36471*
Chase C. Alvord, WSBA #26080
calvord@tousley.com
Michael J. Estok, WSBA #36471
mestok@tousley.com
Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-4416
(206) 682-5600

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO CERTIFY DISMISSAL ORDER
FOR APPEAL UNDER FRCP 54(B) AND 28 U.S.C. § 1292(B)
AND TO STAY REMAINING PROCEEDINGS - 8

No. 06-1054-MJP
1219/009/202880.1