UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MADISON HOUSE, LTD., et al.,

        Plaintiff(s),

v.

SOTHEBY'S INTERNATIONAL REALTY AFFILIATES, INC., et al.,

        Defendant(s).

NO. C06-1054MJP

ORDER ON PLAINTIFFS' MOTION TO CERTIFY DISMISSAL ORDER

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Motion to Certify Dismissal Order for Appeal under FRCP 54(b) and 28 U.S.C. § 1292(b) and to Stay Remaining Proceedings (Dkt. No. 35)

2. Defendants' and Counter-Claimant's Response to Plaintiffs' Motion to Certify Dismissal Order for Appeal under FRCP 54(b) and 28 U.S.C. § 1292(b) and to Stay Remaining Proceedings (Dkt. No. 36)

3. Plaintiffs' Reply Brief in Support of Their Motion to Certify Dismissal Order for Appeal under FRCP 54(b) and 28 U.S.C. § 1292(b) and to Stay Remaining Proceedings (Dkt. No. 37)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is PARTIALLY GRANTED and PARTIALLY DENIED; the motion for certification of the Order of Dismissal (Dkt. No. 29) and Order Denying Motion for Reconsideration (Dkt. No. 31) as a final judgment under FRCP 54 (b) is GRANTED, and the remainder of the motion is DENIED.

**ORDER ON MTN TO
CERTIFY DISMISSAL - 1**

**Background**

Plaintiffs' complaint alleges numerous violations of the Franchise Investment Protection Act (FIPA) and Consumer Protection Act (CPA) on the part of Defendant Sotheby's. Their sole claim against the parent company ("Cendant defendants") was for unlawful discrimination against franchisees in violation of RCW 19.100.180(2)(c), allegedly arising from varying rebate and fee structures between all of Cendant's different franchise operations (Sotheby's, Century 21, Coldwell Banker, etc.).

The Court granted Def's 12(b)(6) motion concerning the unlawful discrimination claim, dismissing that cause of action with prejudice and denying Plaintiffs leave to amend. Plaintiffs' Motion for Reconsideration was likewise denied.

**Discussion**

Plaintiffs seek certification of the Order of Dismissal and Order Denying Motion for Reconsideration as (1) a final judgment under FRCP 54(b) and (2) a permissible interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Additionally, they request a stay on the remaining claims and counterclaims pending their appeal of the dismissal of the Cendant defendants.

In the context of this multi-defendant, multi-claim case, a designation of "final judgment" under FRCP 54(b) regarding the claim against the Cendant defendants requires (1) that the judgment in question be an "ultimate disposition" of an individual claim among multiple claims and (2) that there be no reason for delaying the determination. <u>Curtiss-Wright Corp. v. Gen. Elec. Corp.</u>, 446 U.S. 1, 7-8 (1980). Both those criteria are met here, and Defendants agree that the portion of the case resolved by the two orders is appropriate for a 54(b) final judgment. Def Response, p. 2. Upon a finding that the orders concerning the Cendant defendants are suitable for designation as a final judgment, they become eligible for appeal under 28 U.S.C. § 1291 ("Final decisions of district courts").

**ORDER ON MTN TO CERTIFY DISMISSAL - 2**

1    28 U.S.C. § 1292(b) permits the certification of an interlocutory appeal under certain

2 circumstances: the order must be "not otherwise appealable," must involve "a controlling question of

3 law as to which there is substantial ground for difference of opinion" and the court must find that "an

4 immediate appeal from the order may materially advance the ultimate termination of the litigation."

5    Defendants do not address the issue of whether these circumstances qualify for certification of

6 an interlocutory appeal under 28 U.S.C. § 1292(b).  Plaintiffs contend so, and go so far as to argue

7 that the Court may make an order certifying this portion of the case on both grounds.  The Court

8 disagrees.

> ". . . Section 1292(b) and Rule 54(b) address two different situations.  The former applies only to orders that would be considered interlocutory even if presented in a simple single-claim, two-party case.  Rule 54(b) applies only to adjudications that would be final under Section 1291 if they occurred in an action having the same limited dimensions.  Therefore, if an order is final under Section 1291, Section 1292(b) cannot apply and resort must be had to Rule 54(b) in the multiple-party or multiple-claim situation.  Conversely, if an order is interlocutory, Rule 54(b) has no bearing on any determination that might be made under Section 1292(b).

10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d s 2658.2 at 90-91 (1998).  If this

were a case solely between Plaintiffs and the Cendant defendants, the Court's orders to dismiss and

denying reconsideration would not be considered interlocutory, therefore they are not interlocutory in

this context, either.

   Plaintiffs' citations to case authority are distinguishable.  DeMelo v. Woolsey Marine

Industries, Inc., 677 F.2d 1030 (5th Cir. 1982), concerned the issue of whether a 1292(b) designation

is permissible in the absence of a finding of 54(b) finality.  The Fifth Circuit ruled it was, but said

nothing to indicate that it would have been allowable to certify the case under both the statute and the

rule.  An earlier case cited by Plaintiffs, C.A.B. v. Tour Travel Enterprises, Inc., 605 F.2d 998 (7th

Cir. 1979), merely holds that "in actions in which it is unclear whether the rule or the statue governs

**ORDER ON MTN TO
CERTIFY DISMISSAL - 3**

alternative certification is permissible." Id. at 1003. There is no lack of clarity at issue in this case – the orders concerning the Cendant defendants are final judgments.

Finally, Plaintiffs request a stay of the proceedings still pending against the other defendants in order to "clarify the scope of the litigation regarding the Franchise Agreement entered into by the parties, and. . . eliminate the potential for multiple or unnecessary trials." Motion, p. 7.  Elsewhere in their motion, Plaintiffs assert that a decision in their favor regarding the claim against the Cendant defendants will permit them to seek rescission of their Franchise Agreement with Sotheby's thus potentially eliminating the need for any further litigation against the remaining defendants. Id. at 6.

A successful appellate result will not necessarily entitle Plaintiffs to the remedy of rescission. Violations for the sale of a franchise may give rise to a rescission remedy. RCW 19.100.190(2). But rescission is only available for violations related to the sale of a franchise, not for FIPA violations that occur during the course of a franchise relationship. Payless Car Rental Systems v. Draayer, 43 Wn.App. 240, 245 (1986). According to Plaintiffs, a FIPA discrimination claim concerns both the sale of a franchise and the actions of the parties afterwards, but the Court does not find that argument persuasive. If discrimination between separate franchises is a FIPA violation as Plaintiffs claim, it is a post-sale circumstance and does not implicate the terms of the franchise sale itself. At best, it is (as Plaintiffs point out) "an open question of law that can be resolved as needed after resolution of Plaintiffs' appeal." Reply, p. 3. The Court is not inclined to put an entire lawsuit on hold purely on speculation that Plaintiffs might prevail both on appeal and on their novel rescission theory.

**Conclusion**

The Court finds the orders concerning the Cendant defendants represent an "ultimate disposition" of the individual claim against those parties and finds no reason for delaying the determination that this disposition is final as regards them. Therefore, those orders will be certified as a final judgment pursuant to FRCP 54(b).

**ORDER ON MTN TO
CERTIFY DISMISSAL - 4**

1  Because of the finality of the orders concerning the Cendant defendants, they are inappropriate
2  for designation as "interlocutory" and Plaintiffs' request for certification for interlocutory review
3  pursuant to 28 U.S.C. § 1292(b) is denied.  Plaintiffs' motion for a stay of the remainder of this
4  proceeding pending resolution of their appeal of the Cendant defendants' orders will likewise be
5  denied.

7  The clerk is directed to provide copies of this order to all counsel of record.
8  Dated: June __1__, 2007

*[signature]*

Marsha J. Pechman
U.S. District Judge

**ORDER ON MTN TO**
**CERTIFY DISMISSAL - 5**